No. 26,832.

THEODORE L. MOON, *Appellant,* v. JOHN O'LEARY and J. K. SHINN, as Partners, etc., *Appellees.*

### SYLLABUS BY THE COURT.

MASTER AND SERVANT—*Liability for Injury to Servant—Contributory Negligence—Instructions.* The proceedings considered in an action by an employee against his employer for personal injury sustained by the employee while riding in a motor vehicle recklessly driven by a servant of the employer, and *held,* an instruction regarding plaintiff's contributory negligence was properly given, was correct, and was adequate.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 9, 1926. Affirmed.

*C. W. Mitchell,* of Cherryvale, for the appellant.

*E. H. Henning* and *A. M. Etchen,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for personal injury. Plaintiff was defeated, and appeals.

Plaintiff was an employee of defendants, who were road-building contractors. Defendants transported their workmen each day from Cherryvale to the place where they worked, a distance of about six miles, and back to Cherryvale. Midway between Cherryvale and the front was a rough section of road containing a deep chuck hole. Plaintiff had been over the road many times, and knew of its condition. Workmen were transported in two trucks, each having longitudinal seats behind the cab. James O'Leary, junior, known as young Jim, drove one of the trucks. Plaintiff knew he was a reckless driver. On the evening of the accident several of the workmen, including plaintiff, were delayed in leaving for town, and were to be taken in a truck driven by young Jim. One of the workmen, Cecil Gillen, said to the superintendent of construction, a member of the group, he did not want young Jim to drive so fast, even if they were late for supper. The superintendent replied he would ride in the front seat and would hold young Jim down. Plaintiff overheard the conversation. Young Jim set out at a speed of from 45 to 50 miles per hour, and maintained that rate of speed all the way to Cherryvale. He did not reduce speed for the rough section of the

Master and Servant, 39 C. J. p. 1246 n. 72.  Motor Vehicles, 28 Cyc. p. 49 n. 49.

road, and at the chuck hole plaintiff received a violent jolt, which injured him. Plaintiff did not at any stage of the journey remonstrate with the superintendent or young Jim, or request that the truck proceed more carefully, or do anything to protect himself from injury.

On the basis of the conversation between Gillen and the superintendent, plaintiff requested an instruction on assumed risk. Assumed risk was not pleaded as a defense, and the instruction was properly refused. Contributory negligence was pleaded, and the court instructed the jury as follows:

"No. 9. In these instructions the terms 'ordinary care,' 'due and proper care,' 'prudence' and 'diligence' are frequently used. And by these terms is meant such care, prudence and diligence as an ordinary person would use under the same or similar circumstances. Where the need for care or diligence is great, and where the danger arising from lack of care or diligence is great, then the amount of care or diligence must be in proportion to the danger to be averted and in proportion to the effects which are likely to happen from lack of care.

"No. 12. Gentlemen of the jury, you are instructed that a person riding in an automobile driven by the owner, or by his agents, servants or representatives, at an obviously dangerous rate of speed, must exercise ordinary care for his own safety, and if in so doing it becomes necessary, in the exercise of due diligence, to warn the driver, remonstrate with him, or demand that he be given an opportunity to leave the car, and if he fail to do so, and does not take any precaution for his own safety, he cannot recover for the negligent operation of the car by the driver."

Plaintiff contends the twelfth instruction was defective because the statement with reference to plaintiff's failure to take precaution for his own safety was not qualified by "when there is time and opportunity to do so," or similar expression. It was dark in the truck. Plaintiff was at the rear end of one of the seats, other men were between him and the cab, and he questions whether it would have been prudent for him to try to make his way to the cab to attract the attention of the superintendent or the driver. Doubtless the question was argued to the jury, and the jury may have thought that when the truck was found to be in motion at the usual reckless rate of speed, plaintiff could have asked Gillen or a man next to the cab to speak to young Jim, or to the superintendent, who had promised to hold young Jim down.

Plaintiff was required to take due precaution for his own safety, even although he was being transported by his employer. The instructions, given correctly and intelligibly, stated the law, and in

the absence of a request for more specific direction were sufficient. Certain evidence excluded at the trial was not presented to the court at the hearing on the motion for new trial, and may not be considered here.

The judgment of the district court is affirmed.